IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ZIN KOVTUN, | ) | |
| | ) | |
| Plaintiff, | ) | 4:08CV3179 |
| | ) | |
| V. | ) | |
| | ) | |
| TROTTER FLOOR CLEANING SERVICES, INC., | ) | **MEMORANDUM AND ORDER** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on the defendant's motion to dismiss (filing 14). The defendant maintains that the plaintiff's complaint is untimely because the plaintiff failed to file suit in accordance with 42 U.S.C. § 2000e-5(f)(1), which requires that a claimant alleging a violation of Title VII of the Civil Rights Act file suit within ninety (90) days of receipt of the Equal Employment Opportunity Commission's ("EEOC") right-to-sue notice. (Id.) For the reasons set forth below, the defendant's motion will be denied.

On August 21, 2008, the plaintiff commenced this action by filing a complaint alleging a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., (filing 1). The plaintiff's complaint alleges that he received a Notice of Right to Sue ("Right-To-Sue Notice") from the EEOC.[1] According to the complaint, the Right-To-Sue Notice was mailed on May 21, 2008. (Id.) The plaintiff's complaint does not allege the date that he received the Right-To-Sue Notice, but only that he filed suit within the required ninety-day time period. (Id.)

---

[1] The plaintiff maintains that he attached a copy of the Right-To-Sue Notice to the complaint. (Filing 1.) However, no such document appears to have been filed with the court.

## I. Legal Standard

A motion under Fed. R. Civ. P. 12(b)(6) challenges the sufficiency of the factual allegations in the complaint. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations and footnotes omitted). "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Id.* (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

## II. Timeliness of the Complaint

Under Title VII, a claimant must file suit within ninety days of receipt of a right-to-sue letter from the EEOC. 42 U.S.C.§ 2000e-5(f)(1). *See also Webb v. American Red Cross*., 652 F. Supp. 917, 923 (D. Neb. 1986) (finding that the ninety-day period did not begin to run until the plaintiff acknowledged receipt of the right-to-sue notice sent by registered mail). A claimant's failure to file suit within this proscribed period bars his or her right to pursue the claim, absent equitable tolling or exceptional circumstances. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385 (1982). Based on these authorities, if the plaintiff received the Right-To-Sue Notice prior to May 23, 2008, his complaint would be untimely because the filing would exceed the ninety-day limitations period.

In response to the defendant's motion, the plaintiff does not contend that any equitable or exceptional circumstances exist which warrant tolling of the ninety-day

period. (Filing 21, Br. Opp'n Def.'s Mot. Dismiss at CM/ECF p. 1.) Instead, the plaintiff maintains that the suit is timely because Fed. R. Civ. P. 6(e) provides parties a presumption of receipt three days after mailing. (Id.) According to the plaintiff's argument, if it is presumed that the plaintiff did not receive the Right-To-Sue Notice until May 23, 2008, or two days following the issuance date of the Right-To-Sue Notice, the complaint was filed within the ninety-day limitations period. (Id. at CM/ECF p. 2.)

Rule 6(e)[2] does not automatically allow a three-day extension to the ninety-day period. Peete v. American Standard Graphic, 885 F.2d 331, 331-32 (6th Cir.1989); Mosel v. Hills Dept. Store, Inc., 789 F.2d 251, 253 (3rd Cir.1986). It does, however, provide a presumption of receipt three days after mailing when the date of actual receipt by the claimant is disputed or unknown. See Baldwin County Welcome Ctr. v. Brown, 466 U.S. 147, 148 n.1 (1984) (finding that a notice of right-to-sue issued on January 27 was presumed to have been received by January 30); Bell v. B & W Company, Inc., No. 8:07-cv-148, 2007 WL 2011234 (D. Neb. July 6, 2007) (applying a presumption that right-to-sue notices were received three days after their mailing).

Here, it is undisputed that the Right-To-Sue Notice was issued on May 21, 2008, and the plaintiff's complaint was filed on August 21, 2008, ninety-two (92) days after the EEOC issued the Right-To-Sue Notice. There has been no allegation or evidence presented by either party as to when the plaintiff actually received the Right-To-Sue Notice. Thus, at this point, the date of actual receipt is unknown. This being the case, the plaintiff is entitled to the presumption that he did not receive the notice until May 24, 2008, or three days following the issuance date of the Right-To-Sue Notice. As such, the plaintiff's complaint is not time-barred.[3]

---

[2] Fed. R. Civ. P. 6(e) is now set forth in section (d) of Rule 6.

[3] In the event that discovery uncovers evidence indicating that the plaintiff received the Right-To-Sue Notice prior to May 23, 2008, the defendant may file a

IT IS ORDERED that the defendant's motion to dismiss (filing 14) is denied.

January 16, 2009.

BY THE COURT:
s/*Richard G. Kopf*
United States District Judge

---

motion for summary judgment again challenging the timeliness of the plaintiff's complaint.